**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WARREN E. BELL, | No. 22-35577 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00781-JCC |
| v. | |
| DAVID OLSON, Washington State Patrol Officer; AUTUM KOSTELECKY; SNOHOMISH COUNTY RISK MANAGEMENT, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 14, 2023[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Warren Bell appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action against David Olson, a Washington State Patrol Officer who arrested him after a traffic stop. We review de novo,[1] and we affirm.

The district court did not err in entering summary judgment in favor of Olson on Bell's Fourth and Fourteenth Amendment claims against him. *See* U.S. Const. amends. IV & XIV. The record before the district court[2] revealed no genuine dispute of material fact that Olson had probable cause both to conduct the traffic stop[3] and to arrest Bell.[4] *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *Sanders v. City of San Diego*, 93 F.3d 1423, 1429 (9th Cir. 1996). Olson's "ordinary inquiries" into Bell's license, registration, and insurance were an integral component of the stop. *United States v. Nault*, 41 F.4th 1073, 1078–79 (9th Cir. 2022), *cert. denied*, __ U.S. __, 143 S. Ct. 617, 214 L. Ed. 2d 364 (2023). Moreover, Olson was entitled to rely on the information he received about Bell from the Washington State Department of Licensing in making the arrest, and the

---

[1] *See C.V. ex rel. Villegas v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016).

[2] Fed. R. App. P. 10(a)(1).

[3] *See* Wash. Rev. Code §§ 46.37.010(1)(b), 46.37.050(1)–(3).

[4] *See* Wash. Rev. Code. §§ 46.20.342(1)(b)(x), 46.20.740(2).

record supports Olson's determination that the documents Bell showed him did not call that information into question. *See Lopez*, 482 F.3d at 1072; *see also Rodriguez v. United States*, 575 U.S. 348, 355, 135 S. Ct. 1609, 1615, 191 L. Ed. 2d 492 (2015). That the Washington criminal charges against Bell were subsequently dismissed without prejudice does not tend to show that Olson lacked probable cause at the time of arrest. *See Nieves v. Bartlett*, 587 U.S. __, __, 139 S. Ct. 1715, 1721, 1728, 204 L. Ed. 2d 1 (2019); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).

We do not consider arguments or claims raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**